1

2                                              **E-Filed 8/7/06**

3

4

5

6

7                          NOT FOR CITATION

8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   IDEC CORPORATION,                    Case Number C 02-1723 JF (RS)

13                  Plaintiff,            ORDER[1] DENYING AS MOOT
                                          IDEC'S MOTIONS PURSUANT TO
14          v.                            RULE 12 AND CALIFORNIA CIVIL
                                          PROCEDURE CODE § 425.16
15   AMERICAN MOTORISTS INSURANCE
     COMPANY, INC., et al.,               [re: doc. nos. 72, 75]
16
                  Defendants.
17

18

19

20          Before the Court are two motions brought by IDEC Corporation ("IDEC"):  (1) a motion

21   to dismiss and strike portions of the answer and counterclaim of American Motorists Insurance

22   Company, Inc. ("AMICO") pursuant to Federal Rule of Civil Procedure 12; and (2) a special

23   motion to strike AMICO's counterclaim pursuant to California Civil Procedure Code § 425.16.

24   The Court has considered the parties' briefing as well as the arguments presented at the hearing

25   on August 4, 2006.  For the reasons discussed below, IDEC's motions will be denied as moot.

26

27   _____

28          [1] This disposition is not designated for publication and may not be cited.

# I. BACKGROUND

This litigation arises out of a dispute between an insurance company, AMICO, and its insured, IDEC.  On April 1, 1996, AMICO issued to IDEC a policy insuring against loss or damage to certain real properties owned by IDEC, including the property at issue on Anvilwood Avenue in Sunnyvale, California ("the building" or "the property").  In October 1996, IDEC discovered that thieves had broken into the building, ripped open interior walls and stolen wiring, piping and other materials that could be sold for salvage.  IDEC notified AMICO of the loss shortly thereafter.  AMICO advanced an initial $175,000 with respect to the loss and entered into negotiations with IDEC regarding settlement of the claim.  In March 2000, IDEC sold the property for $3.88 million.

In August 2001, AMICO filed a petition in this Court, seeking to compel an appraisal of the property pursuant to certain provisions of the policy.  In March 2002, IDEC filed the instant action in the Santa Clara Superior Court, alleging that AMICO was acting in bad faith by delaying payment of monies owed under the policy.  AMICO removed the bad faith action to this Court on April 10, 2002; thereafter, IDEC's bad faith action was related to AMICO's earlier filed petition to compel appraisal.  The ground granted that petition on April 17, 2002 and stayed the instant action pending the appraisal.  The appraisal was completed in December 2005, and on March 24, 2006 the Court affirmed the award in its entirety and vacated the stay in the instant action.

AMICO obtained new counsel, and successfully moved for an extension of time to answer IDEC's complaint to allow new counsel to become familiar with the case.  On May 5, 2006, AMICO gave IDEC a check for $100,841 – the difference between the actual cash value of the claimed stolen property as determined by the appraisal ($280,841) and the $175,000 advance, less the $5,000 policy deductible – under a full reservation of rights.  On May 24, 2006, AMICO filed an answer and a declaratory relief counterclaim, asserting *inter alia* that:  the appraiser's valuations were for IDEC's claimed losses and did not constitute a factual determination that IDEC actually suffered such losses; IDEC's recovery under the policy, if any, is limited to the amount actually spent on repairing or replacing the lost or damaged property, which amount was

1    determined to be $7,400 by the appraisal; and IDEC should not recover anything under the policy

2    because the policy is void as a result of IDEC's fraud during the claims process and the appraisal

3    process.

4          On June 16, 2005, IDEC filed the instant motions, asserting that a number of the defenses

5    and theories asserted in AMICO's answer and counterclaim are precluded by this Court's prior

6    rulings and by California's litigation privilege.  IDEC also asserted that because AMICO's

7    declaratory relief counterclaim was based in part upon alleged fraud in the appraisal process, the

8    counterclaim should be stricken under California Civil Procedure Code § 425.16 as an attempt to

9    chill IDEC's First Amendment right to petition.

10         On June 30, 2006, AMICO filed an amended answer and counterclaim, omitting a

11   number of the allegations targeted by IDEC's motions.  In particular, AMICO omitted allegations

12   that IDEC made misrepresentations during the appraisal proceedings, which allegations formed

13   at least part of the basis for IDEC's Rule 12 motion based on the litigation privilege as well as its

14   motion under § 425.16.  AMICO also omitted allegations that IDEC's concealment of a contract

15   for sale of the property voided the policy, and allegations that IDEC lacked an insurable interest

16   in the property.  AMICO asserts that IDEC's motions are moot in light of AMICO's

17   amendments.  IDEC asserts that its motions are not moot because AMICO's amendments are

18   procedurally improper and in any event have not cured the defects raised in the motions.  IDEC

19   did not file a reply brief, but requested leave to do so at the hearing.

## II. DISCUSSION

21         Federal Rule of Civil Procedure 15(a) provides as follows:

22         A party may amend the party's pleading once as a matter of course at any time
            before a responsive pleading is served or, if the pleading is one to which no
23         responsive pleading is permitted and the action has not been placed upon the trial
            calendar, the party may so amend it at any time within 20 days after it is served.
24         Otherwise a party may amend only by leave of court or by written consent of the
            adverse party; and leave shall be freely given when justice so requires.
25

26   Fed. R. Civ. P. 15(a).  Because AMICO amended its counterclaim as of right while IDEC's

27   motions were pending, and omitted many of the allegations targeted by IDEC's motions, the

28   Court concludes that IDEC's motions are moot with respect to the counterclaim.

1    IDEC cites a California appellate decision for the proposition that a party may not avoid a

2    motion brought under § 425.16 by simply amending its pleading. *See Sylmar Air Conditioning v.*

3    *Pueblo Contracting Services, Inc.*, 122 Cal. App. 4th 1049, 1054-56 (2004). *Sylmar* is not

4    controlling here. The Ninth Circuit has made clear that in federal district court a plaintiff may

5    amend as of right under Rule 15(a) before a § 425.16 motion is considered. *See Verizon*

6    *Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004) (holding that

7    "the purpose of the anti-SLAPP statute, the early dismissal of meritless claims, would still be

8    served if plaintiffs eliminated the offending claims from their original complaint"). Because the

9    issue involved is procedural rather than substantive, *see United States ex rel. Newsham v.*

10   *Lockheed Missiles & Space Co.*, 190 F.3d 963, 970-73 (9th Cir.1999), federal law supersedes any

11   state authority to the contrary, *see Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

12   With respect to the answer, however, IDEC correctly points out that AMICO was entitled

13   to amend as of right only within twenty days after service of the answer. Because AMICO

14   amended its answer after this twenty-day period without leave of court and without IDEC's

15   consent, the filing of the amended answer was procedurally improper. IDEC suggests that under

16   these circumstances the Court should address IDEC's Rule 12 motion with respect to the answer.

17   Given the close relationship between the answer and the counterclaim, the Court concludes that

18   the more sensible approach is to grant AMICO leave to file its amended counterclaim *nunc pro*

19   *tunc* and deny the pending motions as moot, such ruling being without prejudice to any motions

20   IDEC may wish to bring with respect to the operative amended answer and counterclaim.

21   Given the Court's disposition of IDEC's motion, the Court need not address IDEC's

22   request for leave to file a reply brief.

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III. ORDER

IDEC's motions are DENIED AS MOOT.  This ruling is WITHOUT PREJUDICE to any motions that IDEC may wish to bring with respect to AMICO's operative amended answer and counterclaim.

DATED:  8/7/06

_____
JEREMY FOGEL
United States District Judge

1   A copy of this Order was served on the following persons:

2

3   Barrett B. Braun     bbraunlaw@ yahoo.com

4   Thomas Scott Flynn    tflynn@crcllp.com, atom@crcllp.com

5   Clifford Hirsch     chirschlaw@ yahoo.com, jlambert@chirschlaw.com

6   Alan H. Lazar     alazar@crcllp.com

7   Douglas Scott Maynard     maynardlawoffices@earthlink.net

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28